Matter of Tinsmon (Lasher) (2019 NY Slip Op 01471)





Matter of Tinsmon (Lasher)


2019 NY Slip Op 01471


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

526747

[*1]Guardianship of JENNIFER LASHER TINSMON.
and
CHRISTOPHER J. LASHER et al., Respondents; ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant.

Calendar Date: January 9, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Daniel Lynch, Albany County Attorney, Albany (Albert F. Dingley of counsel), for appellant.
Wilcenski & Pleat PLLC, Clifton Park (Edward V. Wilcenski of counsel), for respondents.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Surrogate's Court of Albany County (Pettit, S.), entered February 22, 2018, which granted petitioners' application, in a proceeding pursuant to SCPA 2107, for advice and direction regarding a proposed sale of certain real property.
In 2011, Jennifer Lasher Tinsmon suffered a disabling traumatic brain injury at the age of 42. Petitioners are her parents and, following her injury, were named the guardians of her person and property. They are also the trustees of a first-party supplemental needs trust that was established in August 2011 and exists "to shelter [Tinsmon's] assets for the dual purpose of securing or maintaining eligibility for state-funded services, and enhancing [her] quality of life with supplemental care paid by [the] trust assets" (Matter of Abraham XX., 11 NY3d 429, 434 [2008]; see 42 USC § 1396p [d] [4]). Tinsmon's home, which is jointly owned by herself and petitioner Helena Lasher, was not placed in trust inasmuch as a residence cannot be counted in determining eligibility for certain means-tested benefits (see 42 USC § 1382b [a] [1]; 20 CFR 416.1212 [a]; 18 NYCRR 360-1.4 [f]; 360-4.7 [a] [1]). Tinsmon qualified for and began receiving such benefits, namely, supplemental security income (hereinafter SSI) and Medicaid benefits.
In September 2017, petitioners commenced this proceeding pursuant to SCPA 2107 to obtain, as is relevant here, approval for their proposal to expend trust funds to purchase Lasher's interest in Tinsmon's home and pay off an encumbering mortgage on it, leaving them with title to the home as Tinsmon's guardians. Over respondent's opposition, Surrogate's Court approved the plan. Respondent now appeals.
We affirm. Petitioners proposed acquiring Lasher's interest in the home on very favorable terms and paying off the mortgage, actions that would leave Tinsmon, through petitioners as her guardians, as the sole owner of an unencumbered residence without impacting her SSI or Medicaid benefits. A guardian ad litem appointed for Tinsmon by Surrogate's Court supported this proposal, which appears to be well within petitioners' "sole and absolute discretion" under the trust agreement to make expenditures for Tinsmon's benefit after considering any impact on her access to government benefits (see EPTL 7-1.12). Respondent objected only to the proposed transfer of title to petitioners as Tinsmon's guardians, arguing that administrative interpretations of the applicable statutes require that petitioners either hold title to the home as trustees or provide security to the trust for its investment into the home. Respondent's interest in this regard may be explained by the fact that the trust assets remaining when Tinsmon dies, regardless of how old she is when that occurs, will be first used to reimburse the entities that provided Medicaid benefits to her during her life (see 42 USC § 1396p [d] [4] [A]; Social Services Law § 366 [2] [b] [2] [iii]; Matter of Abraham XX., 11 NY3d at 436; compare Social Services Law § 369 [2] [restricting the respondent's ability to recover against the assets of a benefits recipient who dies before reaching 55 years of age]).
Respondent does not point to, and our review does not disclose, any statutory authority that would require its desired outcome. Respondent suggests that such a requirement may be found in guidelines, used by the Social Security Administration to process SSI benefit claims, that reflect the agency's expertise in implementing the pertinent statutes and are "entitled to 'substantial deference'" (Lopes v Department of Social Servs., 696 F3d 180, 186 [2d Cir 2012], quoting Bubnis v Apfel, 150 F3d 177, 181 [2d Cir 1998]; see Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs., 71 AD3d 98, 109 [2010]). The guidelines contradict respondent's argument, however, providing that when funds from a trust are "used to purchase durable items, e.g., a car or a house, the individual (or the trust) must be shown as the owner of the item in the percentage that the funds represent the [item's] value" (Program Operations Manual System [POMS] former SI 01120.201 [F] [1] [emphasis added]). Further, petitioners are not obligated to conserve trust assets for respondent's eventual benefit, which would conflict with their mandate to act for Tinsmon's benefit by using "so much (even to the extent of the whole) of the net income and/or principal of th[e] trust" (EPTL 7-1.12 [e] [1] [1]; see e.g. Matter of Shah [Helen Hayes Hosp.], 95 NY2d 148, 163 [2000]). Surrogate's Court was accordingly correct to conclude that petitioners' proposal was permissible and did not err in approving it.
To the extent that the contention is properly before us, the Social Security Administration does not possess a "remainder interest" in the trust that would entitle it to notice of this proceeding (Social Services Law § 366 [b] [2] [v]; see 42 USC § 1396p [d] [4] [A]; SCPA 103 [39]; 2101 [3]). Respondent's remaining arguments have been examined and are lacking in merit.
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.